**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **CARLOS A. CABRALES,** | § | |
| **Individually and on Behalf** | § | |
| **Of all Others Similarly Situated,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:13-cv-161** |
| | § | |
| **LMS INTELLIBOUND, LLC, AND** | § | |
| **CAPSTONE LOGISTICS, LLC,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants LMS Intellibound, LLC and Capstone Logistics, LLC (hereinafter jointly referred to as "Defendants"), through undersigned counsel, respond to the original Complaint (the "Complaint") filed by Plaintiff Carlos A. Cabrales, individually and on behalf of all others allegedly similarly situated ("Plaintiff"), as follows:

### I.   JURISDICTION & VENUE

1.   The allegations contained in Paragraph 1 of the Complaint constitute a legal conclusion to which no response is required.

2.   The allegations contained in Paragraph 2 of the Complaint constitute a legal conclusion to which no response is required. However, Defendants deny that any act and/or omission attributable to either constitutes a violation of any local, state, or federal law.

### II.   PARTIES

3.   Defendants are without sufficient information or belief to admit or deny the allegations contained in the first sentence of Paragraph 3 of the Complaint. The allegation contained

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT—PAGE 1**

in the second sentence of Paragraph 3 constitutes a legal conclusion to which no response is required.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint. However, Defendants deny that any act and/or omission attributable to either constitutes a violation of any local, state, or federal law.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint. However, Defendants deny that any act and/or omission attributable to either constitutes a violation of any local, state, or federal law.

### III.   COVERAGE

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint, except Defendants admit that Plaintiff was formerly employed by Defendant LMS Intellibound, LLC. Defendants further admit that Defendant LMS Intellibound, LLC. is a wholly-owned subsidiary of Capstone Logistics, LLC.

7. The allegations contained in Paragraph 7 of the Complaint constitute a legal conclusion to which no response is required. However, Defendants admit that Plaintiff was formerly employed by Defendant LMS Intellibound, LLC.

8. The allegations contained in Paragraph 8 of the Complaint constitute a legal conclusion to which no response is required.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint constitute a legal conclusion to which no response is required.

### IV.   FACTUAL BACKGROUND

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.  Defendants deny the allegations contained in Paragraph 12 of the Complaint, except Defendants admit that Defendant LMS Intellibound, LLC has provided certain logistics services at the Affiliated Foods distribution facility located in Amarillo, Texas.

13.  Defendants deny the allegations contained in Paragraph 13 of the Complaint, except Defendants admit that Defendant LMS Intellibound, LLC has employed workers who are classified as "unloaders" or "warehouse unloaders" whose primary duty is to unload products from trucks.

14.  Defendants deny the allegations contained in Paragraph 14 of the Complaint, except Defendants admit that Plaintiff was formerly employed by Defendant LMS Intellibound, LLC.

15.  Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.  Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.  Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## V.    COLLECTIVE ACTION ALLEGATIONS

18.  The allegations contained in Paragraph 18 of the Complaint constitute a legal conclusion to which no response is required.  However, Defendants deny that this case is appropriate for treatment as a collective action under Section 216(b) of the FLSA.  Defendants further deny that there is a "class" of past and/or present employees who are "similarly situated" to Plaintiff within the meaning of FLSA Section 216(b).

19.  Defendants are without sufficient information or belief to admit or deny the allegations contained in Paragraph 19 of the Complaint; therefore, such allegations are denied.

20.  Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.  The allegations contained in Paragraph 21 of the Complaint constitute a legal conclusion to which no response is required.

22.     The allegations contained in Paragraph 22 of the Complaint constitute a legal conclusion to which no response is required.

23.     The allegations contained in Paragraph 23 of the Complaint constitute a legal conclusion to which no response is required.  However, Defendants deny that either has failed to pay any and all overtime compensation required by the FLSA and/or any other applicable law.  Defendants further deny that any act and/or omission attributable to either constitutes a violation of any local, state, or federal law.

24.     Defendants deny the allegation contained in Paragraph 24 of the Complaint.

25.     The allegations contained in Paragraph 25 of the Complaint constitute a legal conclusion to which no response is required.

26.     The allegations contained in Paragraph 26 of the Complaint constitute a legal conclusion to which no response is required.

## VI.     CAUSE OF ACTION

27.     In response to the allegations in Paragraph 27 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 – 26 of the Complaint, as set forth herein.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint constitute a legal conclusion to which no response is required.  However, Defendants deny that either has failed to pay any and all overtime compensation required by the FLSA and/or any other applicable law.  Defendants further deny that any act and/or omission attributable to either constitutes a violation of any local, state, or federal law.

33.     To the extent not expressly admitted or denied above in Paragraphs 1 - 32, all allegations of fact set forth in Plaintiff's Complaint are denied.

## VII.    AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that they would not otherwise bear, and reserving their right to amend their Answer to assert additional defenses as they may become known during discovery, Defendants assert the following defenses and/or affirmative defenses:

1.     Plaintiffs' Complaint should be dismissed in whole or in part for failure to state a claim or claims upon which relief can be granted.

2.     Plaintiff's claims are barred in whole or in part by the *de minimis* doctrine.

3.     This lawsuit is not appropriate for collective action treatment under FLSA Section 216(b).

4.     Plaintiff is not "similarly-situated" to members of the opt-in class he seeks to represent under FLSA Section 216(b).

5.     Plaintiff's claim(s), and those of the opt-in class he seeks to represent, may be barred in whole or in part by applicable statutes of limitation.

6.     Plaintiff's claim(s), and those of the putative class he seeks to represent, may be barred in whole or in part by waiver, estoppel and/or ratification.

7.     To the extent there were violations of the FLSA (if at all, which is not admitted herein), such were inadvertent, accidental, and/or based upon Defendants' good faith understanding about the requirements of the FLSA and/or other applicable law, and/or interpretations or guidance from the Wage & Hour Division of the United States Department of Labor and/or other state or federal agencies.

8.     Plaintiff, and the putative class he seeks to represent, are not entitled to liquidated damages because at all times relevant to this action, Defendants acted, if at all, in good faith and

with reasonable grounds for believing their conduct conformed with the requirements of applicable law. In all material respects, Defendants did not act willfully, recklessly or maliciously with respect to anyone's rights under the FLSA or any other applicable law.

9.      Claims by Plaintiff and the putative class he seeks to represent may be barred by payment, or by accord and satisfaction.

10.      Claims by Plaintiff and the putative class he seeks to represent may be barred by failure to mitigate or otherwise act to avoid and reduce harm.

## VIII.    PRAYER

WHEREFORE, Defendants request that upon final hearing, judgment be granted against Plaintiff in their favor, that Plaintiff take nothing by this suit, that Defendants recover their actual damages, attorneys' fees, and costs, and that Defendants be granted such other and further relief to which Defendants may be justly or legally entitled.

Respectfully submitted,

*/s/ Michael P. Royal*
Michael P. Royal
Texas Bar No. 00784886
Annie Lau
Texas Bar No. 24057723
FISHER & PHILLIPS LLP
500 N. Akard Street
Suite 3550
Dallas, Texas 75201
TELEPHONE: (214) 220-9100
FACSIMILE: (214) 220-9122
mroyal@laborlawyers.com
alau@laborlawyers.com

**ATTORNEYS FOR DEFENDANTS LMS INTELLIBOUND, LLC and CAPSTONE LOGISTICS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of October, 2013, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept such Notice as service of this document by electronic:

Rhonda Lee Luginbyhl
Young Law Firm
112 W 8th
Suite 900
Amarillo, TX 79101
806/331-1800
Fax: 806/398-9095
rhonda@youngfirm.com

Jeremi K Young
The Young Law Firm
1001 S. Harrison, Suite 200
Amarillo, TX 79101
806/331-1800
jyoung@youngfirm.com

Timothy D Newsom
Lovell Lovell Newsom & Isern
Eagle Centre Bldg
112 W 8th Ave
Suite 1000
Amarillo, TX 79101-2314
806/373-1515
Fax: 806/379-7176
tim@lovell-law.net

**ATTORNEYS FOR PLAINTIFF(S)**

*/s/ Michael P. Royal*
Michael P. Royal